## HIRAM BRIGGS v. CORNELIUS PARSONS.

*Notice of refusal to pay non-negotiable orders—Supreme Court will not supplement findings.*

The rule requiring immediate notice in case of the non-payment of commercial paper does not apply to a non-negotiable order drawn upon a debtor, and taken by a creditor of the maker merely as conditional payment, to be applied in case it is collected.

One who receives a non-negotiable order on a third person in conditional payment of a debt must exercise reasonable diligence to collect it, and cannot, after positive *laches* prejudicial to the maker of the order, throw the loss on him in case of the drawee's failure, and insist upon the payment of his debt.

The Supreme Court cannot supply positive omissions from a finding of fact, by inferences and presumptions.

Error to Washtenaw. Submitted October 10. Decided October 22.

ASSUMPSIT. Defendant brings error.

*Richard Beahan* for plaintiff in error. Where an order on a third person is received as conditional payment, the creditor must take legal steps to collect it by proper demand and notice, *Dayton v. Trull*, 23 Wend., 345; *Chamberlyn v. Delarive*, 2 Wils., 353; *Hebden v. Hartsink*, 4 Esp., 46; 2 Amer. Lead. Cas. (4th ed.), 357; *Brower v. Jones*, 3 Johns., 230; *Woodcock v. Bennet*, 1 Cow., 711; *Jones v. Savage*, 6 Wend., 658; where a drawer suffers injury through the remissness of the holder of the draft, by the drawee's failure, the holder must bear the loss, *Rogers v. Langford*, 1 C. & M., 637; *Turner v. Stones*, 1 D. & L., 122; *Camidge v. Allenby*, 6 B. & C., 373; *Robson v. Oliver*, 10 Q. B., 704; *Newman v. Frost*, 52 N. Y., 422; a finding is like a special verdict, and nothing can be presumed beyond what appears, *Peabody v. McAvoy*, 23 Mich., 526; *McMillan v. Gilt Edge Cheese Factory*, id., 544; *Burk v. Webb*, 32 Mich., 173; *Feller v. Green*, 26 Mich., 70.

*A. J. Sawyer* for defendant in error. The indorser of a non-negotiable note cannot require immediate demand and notice of non-payment, *Seymour v. VanSlyck*, 8 Wend., 422; *Richards v. Warring*, 1 Keyes, 576; *Cromwell v. Hewitt*, 40 N. Y., 491; *Baird v. Thayer*, 8 Blackf., 146; *Ephraims v. Murdock*, 7 id., 10; Byles on Bills, 158; a non-negotiable order for the payment of money, which has not been paid or accepted by the drawee, does not extinguish a debt, *Hoar v. Clute*, 15 Johns., 224; notice of dishonor is not necessary to hold the drawee of a non-negotiable bill, Dan. Negot. Inst., § 970; Chitty on Bills, § 177; *Bartlett v. Mayo*, 33 Me., 518; a guarantor of payment on demand is not discharged by showing simple negligence in giving him notice of non-payment, but he must show actual injury (1 Pars. N. & B., 13 n. 6; 2 id., 138; *Walton v. Mascall*, 13 M. & W., 72; *Farmer's Bank v. Kercheval*, 2 Mich., 504), which is generally sufficiently proved by showing that the person for whom the guaranty was given was solvent when the debt fell due and became insolvent before demand on him or notice to the guarantor, 2 Amer. Lead. Cas., 121; *Woodson v. Moody*, 4 Humph., 303; *Oxford Bank v. Haynes*, 8 Pick., 423; *Talbot v. Gay*, 18 Pick., 534; *Gamage v. Hutchins*, 23 Me., 565; *Globe Bank v. Small*, 25 Me., 366.

GRAVES, J. Parsons brought this action to recover the sum of $7.08 for goods sold and delivered, and to recover also the amount due upon a promissory note given to him by Briggs, July 1st, 1873, for $92.46, payable one day after date, with interest at the rate of ten per cent. Briggs pleaded the general issue with notice of set-off. The court heard the case without a jury and made a special finding of facts and awarded judgment thereon in favor of Parsons for the item for goods sold and delivered and for the whole amount called for by the note. Briggs alleges error. No exceptions were

filed, and the only question presented is whether the facts found support the judgment.

It is conceded that they are sufficient unless a deduction was required from the amount of Parsons' claim, on the strength of certain of the findings relative to an order given by Briggs to Parsons upon a brother of the latter for $50.

The findings in this transaction are as follows:

On the 13th of November, 1873, "the plaintiff applied to the defendant for payment upon said note, whereupon said defendant claiming that Roswell W. Parsons, a brother of the plaintiff, was indebted to him, gave to the plaintiff an order or draft of which the following is a copy, to wit:

'SALINE, Nov. 13, 1873.

*R. W. Parsons:*

Please pay C. Parsons $50 and charge to my account.

HIRAM BRIGGS,'

which order or draft the plaintiff received and agreed to present and if paid apply the money, when received thereon, on said note; that at the time last mentioned said Roswell W. Parsons was indebted to the defendant in a sum larger than that called for by said order or draft, and continued so to be until after presentation of the same as hereinafter mentioned. That the plaintiff and defendant and said Roswell W. Parsons all resided in or within two miles of the village of Saline,—the said Cornelius Parsons being a merchant, doing business in said village; said Roswell W. Parsons being a miller, doing dusiness within one or two miles of said village; and the said Hiram Briggs being a farmer, residing within two miles of said village. That the plaintiff, three days after the date and receipt of said order, to wit, on the seventeenth day of November, A. D. 1873, presented said order to said Roswell W. Parsons, the drawee, for payment, which was refused by him. That about ten days after that, to wit, on the twenty-seventh day of November, A. D. 1873, the said Roswell W. Parsons made an assignment and became insolvent and irresponsible, and has been so ever since. That after the date last mentioned, and on or about the first day of December, A. D. 1873, the plaintiff first gave notice to the defendant of the said presentation and that said Roswell W. Parsons had refused to pay said order, and that he, said plaintiff, refused to apply said amount on said note. Said notice was sent through the postoffice at said Saline."

The plaintiff in error contends that these findings establish that the plaintiff below received the order on his brother conditionally to present it and in case of payment to apply the money on the note, and no doubt this is a correct view.

He further contends that the legal effect of the transaction was *first*, to impose on the plaintiff below the necessity of taking the legal steps to collect the draft by proper demand and notice; *second*, to suspend all right to recover on the note *pro tanto* until this was done; and *third*, to bar forever his right to recover the amount on the note if he failed to take proper proceedings as holder of the order, to fix the liability of the parties thereto. It is then further insisted that these steps were not taken by the plaintiff below and that he failed in his duty, whereby the amount of the order was lost in consequence of the insolvency of the drawee.

In *Jennison v. Parker*, 7 Mich., 355, and in *Phœnix Insurance Co. v. Allen*, 11 Mich., 501, the paper under consideration was mercantile and regularly negotiable. It possessed the attributes and was subject to the incidents and governed by the commercial doctrine appropriate to paper of that character. The draft now in question is not such paper, and the parties understood it to be something different at its inception.

It has no words of negotiability. It was made incapable of being passed from hand to hand and circulating in a manner somewhat like money. The plaintiff in error drew it and defendant in error received it for one purpose and one only. It was not meant to witness an indebtedness from the drawer to the payee as between them. The defendant in error already possessed sufficient evidence of that in the promissory note. The purpose was to get $50 upon the note from the drawee, who was indebted in a larger sum to the drawer, and not to fix the drawer with a new liability to the payee for $50 of the old debt.

The rule of the mercantile law in regard to notice, in case of commercial paper, was not applicable to this non-negotiable order thus given for the special and restricted purpose mentioned. 2 Daniel's Neg. Inst., § 970; *Newman v. Frost*, 52 N. Y., 422.

Undoubtedly the reception of the order under the circumstances imposed a duty on the defendant in error in regard to the collection of it. But it was a duty of a special kind arising on the particular facts. He was not at liberty to accept and retain the order and then by unreasonable inattention and positive laches when it was collectible, allow the drawer to suppose collection had been made when it had not, and then upon the failure of the drawee cast the loss caused by the failure upon the drawer.

At the same time the fact of omitting immediate demand and notice would not be enough to charge the loss upon defendant in error. It should appear that the neglect was plainly culpable, and that the drawer was thereby prejudiced. Anything short of this would impose too much upon a creditor who is asked by a debtor to seek from his debtor a part of his demand and in that way effect a collection as well as payment for the first debtor. The findings of fact do not make out such a case. There is no room for contending that there was any such delay in presenting the order as to authorize the conclusion of law that it was positively unreasonable.

The failure of the drawee occurred ten days later and notice was given shortly afterwards. Was the omission to give it within that ten days positive laches which caused injury to the plaintiff in error?

We are confined to the facts found and cannot supplement them with any additional ground-work of fact by means of inferences or presumptions from the direct findings reported. *Trudo v. Anderson*, 10 Mich., 357.

Viewing the circumstance of failure to give notice to the plaintiff in error during the ten days as a matter

subject to distinct consideration, and it cannot be laid down as a proposition of law that the neglect was positive laches and a violation of right against the plaintiff in error. But another difficulty presents itself. There is no finding that this delay caused injury to the plaintiff in error. There is no affirmative determination of fact even that the order was collectible at any time after its inception. The finding no doubt authorizes a course of reasoning to make out the fact that injury resulted, but no such conclusion is affirmed or even rendered certain. We are not able to say whether the judge believed that the plaintiff in error received detriment or not, and hence cannot say whether he drew his conclusion of law from a consideration of that topic as one of the facts established, or not. The case is not one where the finding contains the fact or rather a statement upon it which is ambiguous and which we may construe and explain. The difficulty is that no finding is made upon the proposition.

The defense fails, and the judgment should be affirmed with costs.

The other Justices concurred.